UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF | NUMBER |
| **HECTOR MANSO** | **04-17639** |
| | **SECTION A** |
| DEBTOR | |
| | CHAPTER 13 |

## REASONS FOR ORDER

This matter came before the court on an objection filed by S. J. Beaulieu, Jr., Chapter 13 Trustee to an exemption. A hearing was held on December 7, 2004, at which time the court heard the statements of counsel and took the matter under advisement.

The debtor, Hector Manso, has claimed an exemption for a 1998 Jeep Cherokee that is used by his non-filing spouse to go to and from work. Mr. Manso has not claimed an exemption for any other vehicle, and he is not employed. The income of Mr. Manso's wife is essential to his chapter 13 plan.

Louisiana law allows the following motor vehicle exemption:[1]

---

[1] Because Louisiana has "opted-out" of the exemptions allowed to debtors under federal bankruptcy law, debtors in Louisiana are limited to those exemptions provided for by Louisiana in La. R.S. 13:3881.

> A. The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:
>
> …
>
> (2) That property necessary to the exercise of a trade, calling, or profession by which he earns his livelihood, which shall be limited to the following: …
>
> (d) Seven thousand five hundred dollars in equity value for one motor vehicle per household, used by the debtor and his family household. The equity value of the motor vehicle shall be based on the NADA retail value for the particular year, make and model. The one motor vehicle may be used in exercising a trade, calling or profession or used for transportation to and from the place at which the debtor earns his livelihood.[2]

The Trustee's objection is based on the language that the exemption applies to the "property of a *debtor*"[3] and to a vehicle "used for transportation to and from the place at which the *debtor* earns his livelihood."[4]

The vehicle is the "property of a debtor" because there is a joint title to the vehicle, and it is thus community property.

The vehicle is not used for the debtor's transportation to and from work, but the analysis does not end there. The vehicle is used by the non-

---

[2] La. R.S. 13:3881(A)(2)(d) (as amended effective August 15, 2003)

[3] La. R.S. 13:3881(A) (emphasis added)

[4] La. R.S. 13:3881(A)(2)(d) (emphasis added)

2

debtor spouse as transportation to and from work which generates the income to fund the Chapter 13 plan.

In 2003, House bill no. 167 proposed to move the motor vehicle exception out of subsection (A)(2), which is the category encompassing property that is necessary for the debtor's trade, calling, or profession, and to add it as (A)(6). This bill was assigned to the House Civil Law and Procedure Committee, but it was never considered. Instead, the motor vehicle exception was kept under the section for property used in the exercise of the debtor's trade, calling, or profession.

The court is unable to find any jurisprudence or legislative comment to help it interpret the recent amendment to La. R.S. 13:3881(A)(2)(d).[5]

The debtor focuses on the inclusion of the language "used by the debtor *and his family household*."[6] The court notes that the former version of La. R.S. 13:3881(A)(2)(d) did not mention the "family household."[7]

---

[5] La. R.S. 13:3881(A)(2)(d) was amended effective August 15, 2003.

[6] La. R. S. 13:3881(A)(2)(d) (emphasis added)

[7] La. R.S. 13:3881(A)(2)(d) formerly provided that the debtor could exempt "[o]ne pick up truck with a gross weight of less than three tons, or one motor vehicle, which does not possess any of the characteristics of a luxury automobile as defined under R.S. 39:365(B) which also shall not be a vehicle used solely for transportation to and from the place at which the debtor earns his livelihood."

> The statute must therefore be applied and interpreted in a manner that is logical and consistent with the presumed fair purpose and intention the legislature had in enacting it. *Boyter,* 99-0761 at 9, 756 So.2d at 1129. Courts should give effect to all parts of a statute and should not adopt a statutory construction that makes any part superfluous or meaningless, if that result can be avoided. *Langlois v. East Baton Rouge Parish Sch. Bd.,* 99-2007, p. 5 (La.5/16/00), 761 So.2d 504, 507; *Boyter,* 99-0761 at 9, 756 So.2d at 1129. Furthermore, "the object of the court in construing a statute is to ascertain the legislative intent and, where a literal interpretation would produce absurd consequences, the letter must give way to the spirit of the law and the statute construed so as to produce a reasonable result." *First Nat'l Bank of Boston v. Beckwith Mach. Co.,* 94- 2065, p. 8 (La.2/20/95), 650 So.2d 1148, 1153 (quoting *Smith v. Flournoy,* 238 La. 432, 115 So.2d 809, 814 (1959)).[8]

Thus, the court must give meaning to the inclusion of "family household" in the amended statute. The court, however, cannot ignore the fact that subsection (d) falls under the category of "property necessary to the exercise of a trade, calling, or profession by which he earns his livelihood." The court must assume from subsection (A) that "he" and "his" refers to "the debtor." The vehicle is not "property necessary to the exercise of a trade, calling, or profession by which he earns his livelihood" because the debtor is unemployed.

While the court acknowledges that there may be some inequity in the fact that the debtor's wife's income is included in his schedules, yet he

---

[8] *SWAT 24 Shreveport Bossier, Inc.*, 808 So.2d 294, 302 (La. 2001).

cannot claim an exemption for the car she uses to drive to work. The court cannot find differently without either some indication from the legislature or some precedence to follow.

> The only property which qualifies as exempt in Louisiana is that which is specifically listed in LSA-R.S. 13:3881. *See In re Mmahat,* 110 B.R. 236, 241 (Bankr.E.D.La.1990).[9]

The debtor cited *In re Black*[10] for the proposition that the vehicle does not have to be used by the debtor to be allowed as an exemption. *Black* was decided before the amendment to La. R.S. 13:3881(A)(2)(d) and involved a truck that the debtor owned and leased to another but did not personally use. The court concluded that La. R.S. 13:3881(A)(2)(d) on its face did not require personal use, and "because there is no requirement that the debtor be the person actually using the tool (truck), the claim of exemption [would] not be defeated for the reason that the truck [was] leased to a third party."[11]

The debtor in *Black* operated a trucking business as her only means of income. In that way, the truck was "necessary to the exercise of a trade, calling, or profession by which [she] earn[ed] [her] livelihood." The present

---

[9] *Ward v. Turner*, 150 B.R. 378 (E.D.La.1993).
[10] *In re Black*, 225 B.R. 610 (Bankr.M.D.La. 1998).

[11] *Id.* at 617.

5

case is distinguishable in that the vehicle is not "necessary to the exercise of a trade, calling, or profession" of the debtor, but of his wife.

In sum, the court cannot ignore that the motor vehicle exemption falls into the subsection of "property necessary to the exercise of a trade, calling, or profession by which [the debtor] earns his livelihood."[12] Also, the legislature had the opportunity to remove the motor vehicle exemption from that subsection, but it chose not to act on it. Accordingly, the court will sustain the trustee's objection to the debtor's claim of exemption for the 1998 Jeep Cherokee used by the debtor's wife to go to and from work. An appropriate order will be entered.

New Orleans, Louisiana, February 9, 2005.

*J. A. Brown*

_____
Jerry A. Brown
U. S. Bankruptcy Judge

---

[12] La. R. S. 13:3881(A)(2)